## ZEIG v. MASSACHUSETTS BONDING & INS. CO.

Circuit Court of Appeals, Second Circuit.
January 9, 1928.

No. 101.

1. Insurance ⬭➟146(1)—Result harmful to insured, and of no rational advantage to insurer, should be reached only when terms of insurance contract demand it.

A result harmful to insured, and of no rational advantage to the insurer, ought only to be reached when terms of insurance contract demand it.

2. Insurance ⬭➟504—Insured could recover excess burglary insurance if loss exceeded $15,000, though he settled claims on primary policies amounting to $15,000 for $6,000; "exhausted in payment of claims;" "payment."

Where insured had three other policies at time of alleged burglary, amounting to $15,000, but settled his claims on same for $6,000, he could recover under excess burglary insurance policy providing that policy should apply after all other insurance should be exhausted in payment of claims, if his loss exceeded $15,000, since words "exhausted in payment of claims" did not require collection of primary policies as condition precedent to right to recover excess insurance, and word "payment" need not be interpreted as relating only to payment in cash, since it is often used as meaning satisfaction of claim by compromise or in other ways.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Exhausted; Payment.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Louis Zeig, trading as the Estelle Dress Company, against the Massachusetts Bonding & Insurance Company. Judgment for defendant, and plaintiff brings error. Judgment reversed.

This litigation arose upon a policy of burglary insurance issued by the defendant to the plaintiff in the sum of $5,000. The

policy contained an indorsement which provided as follows:

"In consideration of the reduced premium charged for the policy to which this indorsement is attached, such policy is issued and accepted:

"1. As excess and not contributing insurance, and shall apply and cover only after all other insurance herein referred to shall have been exhausted in the payment of claims to the full amount of the expressed limits of such other insurance.

"2. Upon the further condition that, if the assured shall fail to carry other insurance against loss or damage of the kind covered hereby in the amount of at least five thousand and 00/100 dollars ($5,000) at all times while the policy to which this indorsement is attached is in force, then the insurance hereunder shall be null and void."

The plaintiff had three other policies at the time of the alleged burglary, amounting to $15,000, but settled his claims upon these policies for $6,000.

On the ground that the plaintiff had settled his claims on these policies for less than their face amount, the trial court held, as a matter of law, that the policies had not been "exhausted in the payment of claims to the full amount of the expressed limits of such other insurance," and, without receiving proof of loss, dismissed the complaint and directed a judgment for the defendant.

Kopp, Markewich & Null, of New York City (Samuel Null, of New York City, of counsel), for plaintiff in error.

Joseph L. Prager, of New York City (Fred Boehm, of New York City, of counsel), for defendant in error.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). [1] The defendant argues that it was necessary for the plaintiff actually to collect the full amount of the policies for $15,000, in order to "exhaust" that insurance. Such a construction of the policy sued on seems unnecessarily stringent. It is doubtless true that the parties could impose such a condition precedent to liability upon the policy, if they chose to do so. But the defendant had no rational interest in whether the insured *collected* the full amount of the primary policies, so long as it was only called upon to pay such portion of the loss as was in excess of the limits of those policies. To require an absolute collection of the primary insurance to its full limit would in many, if not most, cases involve delay, promote litigation, and prevent an adjustment of disputes which is both convenient and commendable. A result harmful to the insured, and of no rational advantage to the insurer, ought only to be reached when the terms of the contract demand it.

We can see no reason for a construction so burdensome to the insured. Nothing is said about the "collection" of the full amount of the primary insurance. The clause provides only that it be "exhausted in the payment of claims to the full amount of the expressed limits." The claims are paid to the full amount of the policies, if they are settled and discharged, and the primary insurance is thereby exhausted. There is no need of interpreting the word "payment" as only relating to payment in cash. It often is used as meaning the satisfaction of a claim by compromise, or in other ways. To render the policy in suit applicable, claims had to be and were satisfied and paid to the full limit of the primary policies. Only such portion of the loss as exceeded, not the cash settlement, but the limits of these policies, is covered by the excess policy. [2] We are aware of the fact that there are decisions holding that the words "exhausted in the payment of claims" require collection of the primary policies as a condition precedent to the right to recover excess insurance. We can see nothing in the clause before us to require a construction so burdensome to the insured, and must accordingly reject such an interpretation.

The plaintiff should have been allowed to prove the amount of his loss, and, if that loss was greater than the amount of the expressed limits of the primary insurance, he was entitled to recover the excess to the extent of the policy in suit.

The judgment is reversed.