## ATLANTIC LIFE INS. CO. v. STRINGER et al.

Circuit Court of Appeals, Fifth Circuit.
October 30, 1928.

No. 5425.

Jelks J. Cabaniss, of Birmingham, Ala. (Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, Ala., on the brief), for appellant.

W. W. Callahan and G. O. Chenault, both of Decatur, Ala., for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. Appellees, as beneficiaries of a policy of insurance on the life of William L. Stringer, brought suit and obtained a verdict and judgment against appellant insurance company.

It is the contention of appellant here that the trial court erred in failing to direct a verdict in its favor, because of material misrepresentations by the insured, in that he made false and fraudulent answers to two questions contained in the written application for insurance. Those questions and the answers to them read as follows:

Question. Name all causes for which you consulted a physician during the last 10 years.

Answer: La grippe, Dec. 1925.

Illness: La grippe. No. of Attacks: One. Month: Dec. Year: 1925. Severity: Moderate. Duration: One week. Any Remaining Effects: No. Name and Address of Attending Physician: Dr. John Kimbrough, Hartselle, Ala.

Question. Have you had any other ailment, illness or condition which has not been mentioned above. What? When? Length of time sick? Severity? Results? Attending Physician?

Answer: No.

The insured represented in the application that the answers were full, complete, and true. That application, which formed a part of the contract of insurance upon which the policy was issued, was dated January 29, 1927, and the insured died of cerebral apoplexy on April 26, 1927. The insured was a physician. A year or more prior to the date of his application for insurance, he had had Dr. Kimbrough, a fellow physician and friend, to take specimens of his blood for the purpose of having a Wasserman test made. The specimens were sent by Dr. Kimbrough to a laboratory, and reports of the result of each test came back to Dr. Kimbrough, who delivered them to Dr. Stringer.

A Wasserman test is a blood test for syphilis. A positive result indicates that the

disease exists, but a negative result does not necessarily mean that the disease does not exist. After the test was made, Dr. Stringer furnished to Dr. Kimbrough to administer to him by hypodermic injections six doses each of neo-salvarsan and mercury, which is a well-known remedy for syphilis. Dr. Kimbrough was not asked for his advice, either as to taking the Wasserman test or as to administering the neo-salvarsan and mercury, but merely followed out the instructions of Dr. Stringer. Cerebral apoplexy is a hemorrhage into the covering of the brain, and is frequently caused by syphilis, although it may be caused by other chronic diseases. Dr. Kimbrough was not appellant's regularly appointed examiner, but in the absence of the regular examiner he made the examination of Dr. Stringer and filled out the answers to questions contained in Dr. Stringer's application for insurance.

It is insisted that this testimony shows that Dr. Stringer consulted Dr. Kimbrough as a physician, and therefore the answer to the first question was false and fraudulent. The learned district judge instructed the jury that the mere mechanical administration by another of a remedy which the person taking it cannot administer to himself, without more, does not constitute consultation. In this view we concur. The physical acts of taking blood tests and of administering hypodermic injections could at most be considered treatments, and it is to be observed that the question does not call for an answer stating what treatments were given by a physician. To 'consult' means to seek advice, aid or information. Webster's Dictionary; Words and Phrases, First and Second Series; Hewey v. Metropolitan Life Ins. Co., 100 Me. 523, 62 A. 600; Modern Woodmen of America v. Miles, 178 Ind. 105, 97 N. E. 1009. In New York Life Insurance Co. v. Franklin, 118 Va. 418, 87 S. E. 584, it is said that what is meant by consulting a physician depends upon the character of the interview. The proof in this case does not go to the extent of showing that Dr. Stringer sought any information, or the opinion or advice, of Dr. Kimbrough. On the contrary, he acted as his own physician and determined for himself the treatment he wanted to take.

The insured gave a negative answer to the second question as to whether he had had any other ailment, illness, or condition which he had not mentioned in his answer to the first question. He was here called upon to give information upon matters which rested largely in his opinion. Of course, he was required to answer honestly and fully. It may be that he believed he had syphilis. The evidence quite strongly indicates that he did so believe, for he not only took the Wasserman test, but, after the result of that proved to be negative, he also proceeded to take a recognized remedy for syphilis. But at last it rested with the jury to determine what his opinion was. No complaint is made of the court's charge, in which it affirmatively appears that the question of the belief of the insured and his intent, or lack of intent, to deceive was fairly and correctly submitted to the jury. If the jury found, because of the negative character of the test, that the insured did not believe he had syphilis, then they were at liberty to find that the answer to the second question was true and was not made with intent to defraud the insurance company. If Dr. Stringer had such intent, he was assisted in carrying it out by Dr. Kimbrough, who not only made the tests and administered the treatments, but also as medical examiner wrote down the answers to the questions contained in the application. If the jury believed that the examining physician acted honestly, they were authorized to find that neither the insured nor the physician believed that the insured had syphilis.

In our opinion it was not error to submit the case to the jury.

The judgment is affirmed.