**Ione C. DRAKE, et al., Respondents,**

v.

**James Patrick RYAN, et al., Appellants.**

**No. C1–92–1762.**

Court of Appeals of Minnesota.

March 23, 1993.

Review Granted May 28, 1993.

Richard H. Breen, Breen & Person, Ltd., Brainerd, for respondents.

R.D. Blanchard, Richard L. Pemberton, Jr., Meagher & Geer, Minneapolis, for appellants.

Considered and decided by CRIPPEN, P.J., and DAVIES and AMUNDSON, JJ.

## OPINION

DAVIES, Judge.

The plaintiffs, defendants, and primary insurer executed an agreement releasing defendants from any personal liability arising from an automobile accident and their primary insurer from its contractual obligation, but preserving the liability of the excess insurer. The trial court upheld the

release and certified the question of its validity. We affirm, and answer the certified questions.

## FACTS

On December 21, 1988, appellant James Ryan ("Ryan") collided with a car driven by respondent Ione Drake. Ryan was driving a car owned by his brother, Richard Ryan. The Ryans were covered under a $30,000 liability insurance policy on the car, which policy was issued by Dairyland Mutual Insurance Company ("Dairyland"). In addition to this coverage, James Ryan also had "non-owned automobile" coverage under his parents' $50,000 policy with State Farm Mutual Automobile Insurance Company ("State Farm").

Drake and her husband brought a negligence action against the Ryans. On July 29, 1991, the Drakes, the Ryans, and Dairyland concluded a partial release similar to that in *Loy v. Bunderson*, 107 Wis.2d 400, 320 N.W.2d 175 (Wis.1982). Under the terms of the agreement, Dairyland tendered $20,000 of its $30,000 policy limit to the Drakes in exchange for the Drakes' agreement "to collect any future judgment against defendants in excess of $30,000 only from the State Farm policy." State Farm refused to participate in these negotiations and now contends that Dairyland's liability limits must be exhausted before State Farm incurs any liability, even though the Drakes agree to a gap in recovery.

Appellant James Ryan, with release in hand and now acting on behalf of State Farm, moved for summary judgment, arguing he should be dismissed from the action because the agreement releases him from all personal liability. Unable to concur on the agreement's legal ramifications, all parties moved the trial court to certify the validity of the release as an important and doubtful question under Minn.R.Civ.App.P. 103.03(h).

On August 12, 1992, the district court denied James Ryan's motion for summary judgment and certified the following questions as important and doubtful:

If the plaintiff fully releases a defendant tortfeasor and the tortfeasor's primary liability insurer up to the limits of the primary liability insurer's coverage, but plaintiff expressly retains the right to pursue a claim for additional damages from the tortfeasor's excess liability insurer:
a. Is [defendant] entitled to a dismissal from this lawsuit because he has been released of all personal liability?
b. Is the plaintiffs' attempt to reserve a claim against the tortfeasor's excess liability carrier, for damages exceeding the limits of the primary policy, pursuant to *Loy v. Bunderson*, [107 Wis.2d 400,] 320 N.W.2d 175 (Wis.1982), enforceable in Minnesota?

## ISSUE

Can the plaintiffs, the defendant tortfeasor, and the tortfeasor's primary insurer, upon tender of an amount below policy limits, contract to release the tortfeasor from any personal liability and the primary insurer from policy obligations, while reserving to plaintiffs a claim against the tortfeasor's excess liability carrier for damages exceeding the limits of the primary coverage?

## ANALYSIS

■ James Ryan ("Ryan"), on behalf of State Farm, his excess insurer, challenges the district court's decision to deny Ryan's motion for summary judgment and to enforce the terms of the release. "On appeal, this court need not defer to the trial court's conclusion when reviewing questions of law." *County of Lake v. Courtney*, 451 N.W.2d 338, 341 (Minn.App.1990), *pet. for rev. denied* (Minn. Apr. 13, 1990).

■ The law favors settlement agreements. *Johnson v. St. Paul Ins. Cos.*, 305 N.W.2d 571, 573 (Minn.1981); *Beach v. Anderson*, 417 N.W.2d 709, 711–12 (Minn. App.1988), *pet. for rev. denied* (Minn. Mar. 23, 1988). The fact that the agreement at issue acts only as a partial release is not problematic. Minnesota courts have embraced other types of releases that destroy part of a claim without nullifying the

whole. Under a *Naig* release, for example, the plaintiff's settlement with the tortfeasor for damages not recoverable under workers' compensation does not affect the employer's subrogation claim against the tortfeasor for reimbursement of compensation benefits paid. *Naig v. Bloomington Sanitation*, 258 N.W.2d 891, 893 (Minn. 1977). And under a *Pierringer* release, the plaintiff releases one or more joint tortfeasors while retaining a claim against the tortfeasors not a party to the agreement. *Schantz v. Richview, Inc.*, 311 N.W.2d 155, 156 (Minn.1980); *see also Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983).

■ Such releases serve the policy objective of judicial economy by simplifying both negotiation and litigation. Similarly, the agreement at issue here serves this policy by predetermining that Ryan has no personal liability and that Dairyland has no further liability.

**A. Procedural Considerations**

■ Excess insurer State Farm places great emphasis on the fact that *Loy* releases originated in Wisconsin, a state permitting direct actions against liability insurers. Minnesota law, on the other hand, requires judgment against the tortfeasor as a prerequisite to reaching the insurer through garnishment. *See* Minn.Stat. § 571.71(3) (1992); *see also Miller v. Shugart*, 316 N.W.2d 729, 732 (Minn.1982).

■ The excess insurer contends, through Ryan, that the release warrants dismissal of its insured from the negligence action and that a judgment against its insured, requisite for garnishment, thus, can never be obtained. In so arguing, State Farm's reliance on language in the release "that defendants will have no personal liability to plaintiffs" is not well-founded. It is an established principle that courts "construe a contract as a whole and attempt to harmonize all clauses of the contract." *Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 525 (Minn.1990). For example, in *Deblon v. Beaton*, 103 N.J.Super. 345, 247 A.2d 172, 174 (N.J.Super.Ct.Law Div.1968), the court stated:

Taken out of context, * * * certain clauses appear to release [defendants] generally, so it is argued that the result is to preclude any claims against [the excess insurer]. The entire instrument, however, clearly reveals an intention to release [defendants] only to the extent of their personal assets and their [primary] insurance coverage, while retaining a claim to their [excess] coverage.

Similarly, in this case, the agreement as a whole demonstrates an intent to confine any additional recovery by the Drakes to the $50,000 State Farm policy, and only to the extent the judgment subsequently obtained against the Ryans exceeds $30,000. The following provisions of the agreement evidence this intent:

2. Plaintiffs hereby accept the $20,000.00 from Dairyland, and agree that the receipt of said $20,000.00 will operate as a *partial satisfaction* of any claim plaintiffs may have against defendants to the extent of the first $30,000.00 *which may be adjudged against them,* and further, that defendants will have no personal liability to plaintiffs and that the $20,000.00 payment will operate as a satisfaction of all claims against defendants in excess of the limit, if any, of the State Farm Insurance policy.

3. [I]n the event of any judgment which may be obtained by plaintiffs *against defendants,* $30,000.00 shall be credited against any such judgment for the alleged damages of plaintiffs.

4. Plaintiffs specifically reserve any and all claims which plaintiffs may have *against defendants* up to the limit of State Farm's policy, if any, and plaintiffs specifically agree that they will satisfy *any judgment which they may recover against defendants* in excess of $30,000.00, only out of the proceeds of the policy issued by State Farm, if any.

(Emphasis added.) From this language, it is clear that, contrary to State Farm's assertion, the agreement does not absolve Ryan of liability. Rather, it merely serves to protect his personal assets by limiting satisfaction of any judgment against him to insurance coverage limits. Thus, the fact

that Minnesota does not permit direct action against liability insurers is of no consequence.

We hold that the district court did not err in denying the motion for summary judgment. In the event of a judgment against Ryan in excess of $30,000, the Drakes may institute a garnishment proceeding against State Farm up to the $50,000 policy limits.

**B. Policy Considerations**

■ State Farm protests that under the release it becomes burdened, as excess insurer, with the cost of defending at trial—thereby inequitably relieving the primary insurer. Shifting the cost of defense from the primary to the excess insurer is, however, of no significant public interest; such costs will average out among insurers over the long haul. Besides, as the Wisconsin Supreme Court has pointed out, in cases involving *Loy* releases,

> the excess insurer * * * is being asked to do no more than what it contracted for—to provide coverage to [the insured] in excess of that provided by [the primary insurer].

*Teigen v. Jelco,* 367 N.W.2d 806, 811–12 (Wis.1985); *see also Allstate Ins. Co. v. Riverside Ins. Co.,* 509 F.Supp. 43, 47 (E.D.Mich.1981) (upholding a settlement agreement similar to that at issue here). We decline to follow *United States Fire Ins. Co. v. Lay,* 577 F.2d 421 (7th Cir.1978) (applying Indiana law).

The partial release executed here to some extent protects State Farm's interests. That is, even though it refused to participate in settlement negotiations, State Farm cannot now be held liable on a bad faith claim for amounts exceeding its policy limits in the event the Drakes obtain a judgment in excess of $80,000, the combined coverage limits of primary and excess insurer. *See Continental Casualty Co. v. Reserve Ins. Co.,* 307 Minn. 5, 8, 238 N.W.2d 862, 864 (1976) (breach of liability insurer's duty of good faith in rejecting a settlement offer within policy limits subjects insurer to liability "in the amount of a judgment in excess of those limits"); *see also Deblon,* 247 A.2d at 175–76.

**DECISION**

The first certified question is answered "no"; the second is answered "yes." We uphold the agreement releasing the Ryans from personal liability and Dairyland from its obligations under the policy in exchange for Dairyland's tender of $20,000 of its $30,000 coverage limits. We further hold the district court did not err in refusing to dismiss Ryan from the action. In the event of a judgment against Ryan exceeding $30,000, the Drakes may properly institute garnishment proceedings against State Farm for an amount within its coverage limits.

**Affirmed, and certified questions answered.**